UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| J.B., D.B., and E.B., By Their Next Friend and Legal Guardian, CAROL ANNETTE COE, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID BERRY and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Defendants, <br><br> v. <br><br> FARRIS FUNERAL SERVICE, INC., <br><br> Third Party Defendants. | Civil Action No.: 1:18-cv-0011-MFU |

**DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
BRIEF IN SUPPORT OF MOTION FOR
<u>APPOINTMENT OF A GUARDIAN AD LITEM</u>**

Defendant, The Prudential Insurance Company of America ("Prudential"), filed a Counterclaim, Cross-Claim, and Third Party Complaint for Interpleader to resolve the competing claims of Plaintiffs, J.B., D.B., and E.B., by their next friend and legal guardian, Carol Annette Coe ("Plaintiffs"), Defendant David Berry ("Berry"), and Third Party Defendant, Farris Funeral Service, Inc. (the "Funeral Home") to a death benefit due as a consequence of the death of Shaina T. Berry ("Insured"). Prudential does not dispute that the death benefit is owed, but Prudential is subject to multiple liability due to adverse claims to the death benefit.

In this motion, Prudential moves this Court for entry of an Order appointing an individual or individuals as the Court deems appropriate as guardian *ad litem* for minor Defendants J.B., D.B., and E.B.

## PROCEDURAL HISTORY

On February 16, 2018, Plaintiffs filed their Complaint in the Circuit Court of Washington County, Commonwealth of Virginia. On March 20, 2018, Prudential filed a Notice of Removal to the United States District Court, Western District of Virginia. (Doc. No. 1). On March 27, 2018, Prudential filed an Answer, Cross-claim, Counterclaim, and Third Party Complaint. (Doc. No. 5). On April 20, 2018, Berry filed an Interpleader Complaint and Answer to Plaintiff's Complaint. (Doc. No. 14). On April 30, 2018, the Funeral Home filed an Answer to the Third Party Complaint. (Doc. No. 16). On May 11, 2018, Prudential filed an Answer to Berry's Interpleader Complaint. (Doc. No. 17). On May 16, 2018, Berry filed a Response to the Funeral Home's Answer to Complaint. (Doc. No. 18).

## STATEMENT OF FACTS

Prudential issued a group life insurance policy to Wal-Mart Stores, Inc. ("Contract Holder"), bearing Group Policy No. G-43939-AR (the "Group Policy").    (See Declaration of Victoria Angle ("Angle Decl.") at ¶ 2). At all relevant times, the Insured was covered under the Group Policy for basic life insurance benefits in the amount of $26,000.00 (the "Death Benefit"). (*Id.*, ¶3).

Prudential was provided with information that the Insured died on June 20, 2017 in Virginia. (*Id.*, ¶ 4). As a consequence of the Insured's death, the Death Benefit became due. (*Id.*, ¶ 5). Prudential was advised that at the time of the Insured's death, the Insured had not designated a beneficiary to receive the Death Benefit. (*Id.*, ¶ 6). The Beneficiary Rules provision

in the Group Policy governs payment of the life insurance proceeds payable under the Group Policy. (*Id.*, ¶7).

The Beneficiary Rules provide that benefits are payable to the designated beneficiary. If there is no designated beneficiary, the benefits are payable to the first of the following: "(a) surviving spouse or domestic partner; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate." (*Id.*, ¶8).

Upon information and belief, the Insured was married to Berry at the time of her death. (*Id.*, ¶ 9). Following the Insured's death, Coe contested payment to Berry and asserted a claim to the Death Benefit on behalf of the Insured's children, J.B., D.B., and E.B. (*Id.*, ¶ 10).

Coe thereafter filed this action on behalf of J.B., D.B., and E.B. in the Circuit Court of Washington County, Virginia, seeking to enjoin Prudential from paying the benefit to Berry. (*Id.*, ¶ 11).

In support of the children's claim, Coe alleges that Berry is considered a person of interest in the Insured's death and that the Insured had a Protective Order against Berry at the time of her death and further alleges that the children are entitled to at least two-thirds of the Death Benefit pursuant to Section 64.2-200 of the Code of Virginia. (*See* Complaint and Angle Decl, at ¶ 12.)

Prior to this action being removed to this Court, on December 22, 2018, the Circuit Court of Washington County, Virginia entered an Order enjoining Prudential from paying the Death Benefit pending a final determination of the Plaintiffs' claim. (*Id.*, ¶13). The Circuit Court also appointed Patricia E. Smith, Esq., as guardian *ad litem* for the minor Plaintiffs. (*Id.*).

In the Complaint, Coe also alleges that the Insured's funeral expenses should be paid from the Death Benefit and provided Prudential with a copy of an executed Assignment of

3

Proceeds of Insurance assigning $10,341.53 of the Death Benefit to the Funeral Home. (*Id.*, ¶ 14).

Berry may be entitled to the Death Benefit due under the Group Policy as the Insured's surviving spouse per the Beneficiary Rules provision in the Group Policy. (*Id.*, ¶ 15). However, given the competing claims made by D.B., E.B., and J.B., the Funeral Home Assignment, and the Circuit Court's Order enjoining Prudential from making payment of the Death Benefit pending a final determination of the Plaintiffs' claims, Prudential is unable to make a determination as to the proper recipient of the Death Benefit and to proceed with payment. (*Id.*).

Prudential claims no title or interest in the Death Benefit due under the Group Policy and has commenced this action to protect itself from potential multiple liability. (*Id.*, ¶ 16).

Prudential is ready and willing to deposit the Death Benefit of $26,000.00, together with applicable claim interest, if any, with the Court.

## **LEGAL ARGUMENT**

### **This Court Should Appoint A Guardian *Ad Litem* For Defendant Minors, J.B., D.B., and E.B.**

Rule 17(c)(1) provides that a general guardian may sue or defend on behalf of a minor. Fed. R. Civ. P. 17(c)(1). Where a minor does not have a duly appointed representative, the Court must appoint a guardian *ad litem* or make such other appropriate Order for the protection of the minor. Fed. R. Civ. P. 17(c)(2).

Here, minor Defendants J.B., D.B., and E.B. are 10 years old, 9 years old, and 7 years old, respectively. They are all minors. Their grandmother, Carol Coe, filed a Complaint in the Circuit Court of Washington County, Virginia on their behalf. Prior to this action being removed to this Court, on December 22, 2018, the Circuit Court of Washington County, Virginia entered

4

an Order enjoining Prudential from paying the Death Benefit pending a final determination of the Plaintiffs' claim. The Circuit Court of Washington County, Virginia appointed Patricia E. Smith, Esq., as guardian *ad litem* for the minor Plaintiffs. However, counsel for Prudential spoke to Ms. Smith, who indicated that she was not admitted to practice in the United States District Court, Western District of Virginia. (Declaration of Joyce S. Min, at ¶ 2). Ms. Smith suggested another attorney who would potentially be willing to serve as guardian *ad litem*. (*Id.*). On June 19, 2018, Prudential's counsel reached out to her, who indicated that her conflicts check did not clear and therefore she was unable to serve as guardian *ad litem* for the minor children in this matter. (*Id.* at ¶ 3).

On August 15, 2018, Prudential's counsel spoke to counsel for Plaintiffs, who indicated that she is not aware of any other attorney admitted to practice in federal court who would be willing to serve as guardian *ad litem*. (*Id.* at ¶ 4).

Plaintiff Carol Coe, the minors' grandmother, does not have an independent claim to the Death Benefit and does not have a conflict of interest with the minors with regard to the Death Benefit. Given the amount of the Death Benefit and the potential expense of retaining an independent attorney to serve as guardian *ad litem*, Carol Coe could potentially represent the minors' interest in this suit. Further, she has legal and physical custody of the minors. (*See* Exhibit A to Prudential's Answer, Counterclaim, and Crossclaim, filed March 27, 2018, Doc. No. 5).

Prudential takes no position on the appropriateness of Carol Coe acting as guardian *ad litem* for minors J.B., D.B., and E.B. but does not object to it. In the event the Court finds that she cannot serve as the minors' guardian *ad litem* in this action, Prudential respectfully requests that the Court appoint another appropriate individual and that he/she be compensated for his/her

services out of the Death Benefit, which Prudential seeks to deposit into the Court's Registry via motion for deposit that is being filed simultaneously with this motion.

Therefore, Prudential respectfully requests that the Court issue an Order appointing a guardian or guardians *ad litem* for J.B., D.B., and E.B. for the purposes of appearing on behalf of the minors in this action and otherwise binding them to Orders entered and decisions made during the course of this litigation.

## CONCLUSION

Prudential respectfully requests that this Court enter an Order appointing an individual as the Court deems appropriate as guardian *ad litem* for J.B., D.B., and E.B.

Dated: September 13, 2018

Respectfully submitted,

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

/s/ Julie D. Hoffmeister_____
Julie D. Hoffmeister (VSB No. 87634)
TROUTMAN SANDERS LLP
1001 Haxall Point (23219)
Post Office Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1448
Facsimile: (804) 697-1339
julie.hoffmeister@troutmansanders.com

*Attorney for Defendant/Third Party Plaintiff*
*The Prudential Insurance Company of America*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System which will forward a copy to the following:

>Louis Dene, Esq.
>Dene & Dene, P.C.
>P.O. Box 1135
>Abingdon, VA  24210
>
>*Attorney for Defendant David Berry*
>
>
>Paula Danielle Stone, Esq.
>Penn Stuart & Eskridge
>P.O. Box 2288
>Abingdon, VA  24212-2288
>
>*Attorney for Third Party Defendant Farris Funeral Service, Inc.*

I further certify that on the 13th day of September 2018, I served the foregoing pleading via electronic mail and/or First Class Mail upon the following:

>Chip Barker, Esq.
>212 Valley Street NE
>Abingdon, VA 24210
>gebarker@live.com
>
>*Attorney for Plaintiffs*
>
>
>Patricia E. Smith, Esq.
>Bradford & Smith
>158 Valley St. NW
>Abingdon, VA  24210
>
>*Guardian ad litem*

7

/s/ Julie D. Hoffmeister
Julie D. Hoffmeister (VSB No. 87634)
TROUTMAN SANDERS LLP
1001 Haxall Point (23219)
Post Office Box 1122
Richmond, Virginia  23218-1122
Telephone: (804) 697-1448
Facsimile: (804) 697-1339
julie.hoffmeister@troutmansanders.com

36339649