UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| J.B., D.B., and E.B., By Their Next Friend and Legal Guardian, CAROL ANNETTE COE,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID BERRY and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendants,<br><br>v.<br><br>FARRIS FUNERAL SERVICE, INC.,<br><br>Third Party Defendants. | Civil Action No.: 1:18-cv-0011-MFU |

**DECLARATION OF VICTORIA ANGLE**

I, Victoria Angle, hereby declare as follows:

1. I am employed by Defendant, The Prudential Insurance Company of America ("Prudential"), in the Group Life Claims Department as a Senior Client Services Specialist. I have reviewed the records maintained in the normal course of business by the Prudential Group Life Claims Department and, in particular, those records that relate to claims made incident to the death of Shaina T. Berry (the "Insured") and make this Declaration based upon personal knowledge, including this review.

2. Prudential issued a group life insurance policy to Wal-Mart Stores, Inc. ("Contract Holder"), bearing Group Policy No. G-43939-AR (the "Group Policy"). Attached hereto as Exhibit A is a true and accurate copy of the Group Policy booklet/certificate.

3. At all relevant times, the Insured was covered under the Group Policy for basic life

1

insurance benefits in the amount of $26,000.00 (the "Death Benefit").

4. Prudential was provided with information that the Insured died on June 20, 2017 in Virginia. Attached hereto as Exhibit B is a true and accurate copy of the Insured's Death Certificate, as provided to Prudential.

5. As a consequence of the Insured's death, the Death Benefit became due.

6. Prudential was advised that at the time of the Insured's death, the Insured had not designated a beneficiary to receive the Death Benefit.

7. The Beneficiary Rules provision in the Group Policy governs payment of the life insurance proceeds payable under the Group Policy. *See* Exhibit A at pg. 47.

8. The Beneficiary Rules provide that benefits are payable to the designated beneficiary. If there is no designated beneficiary, the benefits are payable to the first of the following: "(a) surviving spouse or domestic partner; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate." *Id.*

9. Upon information and belief, the Insured was married to David Berry ("Berry") at the time of her death.

10. Following the Insured's death, Coe contested payment to Berry and asserted a claim to the Death Benefit on behalf of the Insured's children, J.B., D.B., and E.B. Attached as Exhibit C is a true and accurate copy of Coe's July 5, 2017 letter and the Protective Orders entered on September 29, 2015 and December 15, 2015.

11. Coe thereafter filed this action on behalf of J.B., D.B., and E.B. in the Circuit Court of Washington County, Virginia, seeking to enjoin Prudential from paying the benefit to Berry.

12. In support of the children's claim, Coe alleges that Berry is considered a person of interest in the Insured's death and that the Insured had a Protective Order against Berry at the time of

her death and further alleges that the children are entitled to at least two-thirds of the Death Benefit pursuant to Section 64.2-200 of the Code of Virginia. *See* Complaint.

13.     Prior to this action being removed to this Court, on December 22, 2018, the Circuit Court of Washington County, Virginia entered an Order enjoining Prudential from paying the Death Benefit pending a final determination of the Plaintiffs' claim. The Circuit Court also appointed Patricia E. Smith, Esq., as guardian *ad litem* for the minor Plaintiffs. Attached as Exhibit D is a true and correct copy of the December 22, 2018 Order entered by the Circuit Court of Washington County, Virginia, as received by Prudential.

14.     In the Complaint, Coe also alleges that the Insured's funeral expenses should be paid from the Death Benefit and provided Prudential with a copy of an executed Assignment of Proceeds of Insurance assigning $10,341.53 of the Death Benefit to the Funeral Home. Attached as Exhibit E is a true and correct copy of the executed Assignment dated July 31, 2017 and the Invoice from Farris Funeral Service, Inc., as received by Prudential.

15.     Berry may be entitled to the Death Benefit due under the Group Policy as the Insured's surviving spouse per the Beneficiary Rules provision in the Group Policy. However, given the competing claims made by J.B., D.B., and E.B., the Funeral Home Assignment, and the Circuit Court's Order enjoining Prudential from making payment of the Death Benefit pending a final determination of the Plaintiffs' claims, Prudential is unable to make a determination as to the proper recipient of the Death Benefit and to proceed with payment.

16.     Prudential claims no title or interest in the Death Benefit due under the Group Policy and has commenced this action to protect itself from potential multiple liability.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8/28/18

_____
Victoria Angle