IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

J.B., etc., et al.,
    Plaintiffs,                               **AMENDED**
                                    **REPORT AND RECOMMENDATION**
v.                                      Civil Action No. 1:18cv00011

DAVID BERRY, et al.,
    Defendants

      This case involves a dispute as to whom is entitled to the proceeds of a life insurance policy issued by The Prudential Insurance Company of America, ("Prudential"), and covering the decedent, Shaina T. Berry, ("Berry"). This case originally was brought in state court by Carol Annette Coe, pro se, as next friend and legal guardian on behalf of Berry's minor children, J.B., D.B. and E.B. Coe is Berry's mother. Prudential removed the case to this court, and filed third-party complaints against Farris Funeral Service, Inc., ("Farris"), and David Berry, both of whom also have filed competing claims to the policy proceeds. David Berry was Berry's husband and the father of the minor children. David Berry currently is incarcerated, serving an unrelated felony sentence. Although the Complaint stated that David Berry was a "person of interest" regarding the death of Berry, David Berry has not been charged with Berry's June 20, 2017, death. Berry's Certificate Of Death, (Docket Item No. 14-1), listed the cause of death as suicide by asphyxia due to hanging.

      By Order entered November 30, 2018, the court allowed Prudential to interplead the insurance policy proceeds into the court and dismissed Prudential as a party to the action. (Docket Item No. 40.)  The case was referred to the

undersigned, who appointed William Ethan Stewart as guardian ad litem for the minor children. David Berry is represented by counsel in this matter. Farris also is represented by counsel. The undersigned also has conducted settlement negotiations with the parties, which have resulted in the parties agreeing to a compromise settlement of their claims.

.

The terms of the parties' settlement agreement, subject to the approval of the court, pursuant to Virginia Code §§ 8.01-424, -606 (Repl. Vol. 2015), require the court to disburse the sum held by it as follows:

1. $4,500.00 to Coe on behalf of the minor children, J.B., D.B. and E.B, ($1,500.00 per child), to be held and/or used by Coe on the behalf of J.B., D.B. and E.B.;
2. $943.00 to Stewart for his services and expenses as guardian ad litem for J.B., D.B. and E.B.;
3. $4,200.00 to Farris and its counsel to be applied to any amount owed by Coe to Farris for the final expenses of Berry; and
4. The remainder to David Berry and his counsel.

Upon payment of the above sum, Farris has agreed to compromise its claim against Coe for any remaining amount owed Farris for the final expenses of Berry to $4,300.00, payable at $200 month, subject to the terms and conditions of its current contract with Coe.

Through these settlement negotiations, the undersigned also learned the following:

1. Prudential never received any designation of beneficiary from Berry regarding the life insurance policy at issue;

2. Under the terms of the policy, if a named insured died without designating a beneficiary, the proceeds were to be paid to her spouse;

3. Coe assigned any rights she had to the proceeds of the policy to Farris to pay for Berry's final expenses;

4. The minor children, J.B., D.B. and E.B., reside with Coe, and she provides for the children; and

5. Stewart, the guardian ad litem for the minor children, J.B., D.B. and E.B., approves of the terms of the settlement as being in the best interest of the children.

Based on the above, the undersigned finds that the parties' compromise settlement agreement is fair and equitable under the circumstances and in the best interests of the minor children, J.B., D.B. and E.B.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the court approve the parties' settlement agreement as outlined above, order the proceeds held by the court to be distributed as listed above and close this case and strike it from the docket as settled with prejudice.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2018):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendation as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

DATED: April 12, 2019.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE